UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANNA LOUISE WINANT, Individually, § <br> and as Representative of the Estate of § <br> MARY MARGARET WINANT, § <br> Plaintiffs, § <br> v. § <br> § <br> FORD MOTOR COMPANY, § <br> CROSSTOWN FORD SALES, INC. d/b/a § <br> CROSSTOWN FORD, AND § <br> CROSSTOWN FORD, § <br> Defendants. § | C.A. No. C-05-132 |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND

Pending before the Court is Plaintiffs' Motion to Remand and for Costs and Attorney's Fees (D.E. 6). Plaintiffs claim that the Court lacks jurisdiction over this case because defendants cannot show by clear and convincing evidence plaintiffs' inability to establish the possibility of a cause of action against in-state defendant, Crosstown Ford. In its response, defendant Ford Motor Company claims that there is diversity jurisdiction as Crosstown was improperly joined.

The Court must determine whether Crosstown has been improperly joined. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 n.1 (5th Cir. 2004). To establish improper joinder, the removing defendant must show: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against

1

the non-diverse party in state court. *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003). For the latter, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The burden of demonstrating improper joinder is a heavy one. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). In the improper joinder analysis, all disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiff. *Gray v. Beverly Enters.-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

Claims of improper joinder are ordinarily resolved by "a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts,' the district court has the discretion to pierce the pleadings and conduct a summary inquiry." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005). Because plaintiffs omitted the fact that Crosstown did not directly sell the vehicle to Mary Margaret Winant (as established by the chain of title exhibit attached to Ford's response), the Court will pierce the pleadings and examine the exhibits.

Plaintiffs have asserted the following causes of action against each defendant: negligence, strict products liability (including defect in design, manufacture, and assembly), breach of warranty, intentional and negligent misrepresentation, fraudulent

concealment, gross negligence, and negligent recall. Under Texas law, a

> Products liability action means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

Tex. Civ. Prac. & Rem. § 82.001(2). All of plaintiffs' claims fall within this definition.

Therefore, Chapter 82 of the Texas Civil Practice and Remedies Code will govern this

products liability action.

Chapter 82 provides generally that a "seller that did not manufacture a product is not liable for harm caused to the claimant by that product." Tex. Civ. Prac. & Rem. § 82.003(a). There are seven exceptions to this general statement. Plaintiffs claim that there is a basis for liability against Crosstown under six of these exceptions.[1] However, the Court finds that none of these exceptions provide a reasonable basis for the Court to

---

[1] Plaintiffs claim that there is a basis for liability against Crosstown under these exceptions:
A non-manufacturing seller is not liable for harm caused to the claimant by that product unless the claimant proves:
> (1) that the seller participated in the design of the product;
> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
> (4) that: (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product; (B) the warning or instruction was inadequate; and (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
> (5) that: (A) the seller made an express factual representation about an aspect of the product; (B) the representation was incorrect; (C) the claimant relied on the representation in obtaining or using the product; and (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
> (6) that: (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and (B) the claimant's harm resulted from the defect.

Tex. Civ. Prac. & Rem. § 82.003(a)(1-6).

predict that plaintiffs might be able to recover against Crosstown.

Plaintiffs make general allegations in their petition that defendants designed the Ford Explorer. Yet, there are no specific allegations as to how Crosstown designed the Explorer. Further, the unrefuted affidavit of the Crosstown CEO, Tim Akard, states that Crosstown "did not . . . participate in the design of the Ford Explorer." Based on the pleadings and the affidavit, the Court finds that there is no reasonable basis for it to predict that plaintiffs might be able to recover against Crosstown under the exception at Tex. Civ. Prac. & Rem. § 82.003(a)(1).

Plaintiffs do not allege in their pleadings that Crosstown "altered or modified the product and the claimant's harm resulted from that alteration or modification." Likewise, plaintiffs do not allege in their pleadings that Crosstown "installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product." Therefore, the Court finds that there is no reasonable basis for it to predict that plaintiffs might be able to recover against in-state defendant under the exceptions at Tex. Civ. Prac. & Rem. § 82.003(a)(2) and (3).

Plaintiffs make general allegations that Crosstown inadequately warned of the defect. However, plaintiffs do not make any specific allegations on Crosstown's conduct of inadequate warning. Specificity is important in this case in light of the fact that Crosstown did not sell the vehicle to the decedent plaintiff. Further, Akard states in his affidavit that Crosstown "did not have any control over or input into the content of

4

any warnings or instructions that accompanied the Ford Explorer." Plaintiffs also make general allegations that Crosstown made express factual representations, upon which decedent plaintiff relied. However, plaintiff does not explain how decedent relied upon such a representation when she purchased the vehicle from other individuals. Based on the conclusory pleadings and the affidavit, the Court finds that there is no reasonable basis for it to predict that plaintiffs might be able to recover against Crosstown under the exceptions at Tex. Civ. Prac. & Rem. § 82.003(a)(4) and (5).

Finally, plaintiffs make general allegations that Crosstown actually knew of the defect at the time it was sold. However, again, plaintiffs make no specific allegations in support of this claim. Further, Akard's affidavit states that "at the time the vehicle was sold new in September 1996, he was not aware of any defects in the vehicle" and that Crosstown "would not have sold the vehicle if it was known to be unsafe or defective." Based on the conclusory pleadings and the affidavit, the Court finds that there is no reasonable basis for it to predict that plaintiffs might be able to recover against in-state defendant under the exception at Tex. Civ. Prac. & Rem. § 82.003(a)(6).

As none of these exceptions provide a reasonable basis for the Court to predict that plaintiffs might be able to recover against Crosstown on any of their claims, the Court DENIES the Motion to Remand and for Costs and Attorney's Fees (D.E. 6); finds that Crosstown was improperly joined; dismisses all claims against Crosstown Ford Sales, Inc. d/b/a Crosstown Ford and Crosstown Ford; and concludes that it has diversity

jurisdiction over this case.

    Ordered this 11th day of August, 2005.

                                                               _____
                                                                  HAYDEN HEAD
                                                                  CHIEF JUDGE